UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derry Petty,

              Plaintiff,        Case No. 16-cv-12061

v.                                    Judith E. Levy
                                    United States District Judge

Susan E. Beebe, Friend of the
Court, Christine Arnold, and John    Mag. Judge R. Steven Whalen
Does 1-10,

              Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2], DISMISSING COMPLAINT [1] PURSUANT TO 28 U.S.C. § 1915(e)(2), AND DENYING REQUEST FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE [3]**

Before the Court is plaintiff Derry Petty's complaint (Dkt. 1) and application to proceed *in forma pauperis*. (Dkt. 2.) Petty alleges that Judge Susan E. Beebe of the Jackson County Fourth Circuit Judicial Court violated Michigan law and the United States Constitution when she granted a personal protection order ("PPO") under Mich. Comp. Laws § 600.2950a, restraining Petty from having contact with Christine Arnold.

I.  **Proceeding *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *Id.*

The Court has reviewed plaintiff's application and finds that it "contains allegations of poverty sufficient to allow [him] to proceed without prepayment of costs." *Id.* at 262.

II.  **Dismissal of Complaint**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

2

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

Construed in the light most favorable to him, plaintiff alleges that "Judge Susan Beebe acted outside her judicial functions as a judge and acted out of her own personal interest . . . [under] color of law." (Dkt. 1 at 5.) Plaintiff seeks the following relief: that the Court "set a case precedence because petitioner's [*sic*] Constitutional rights are being violated"; that the Court "will consider the facts of Christina Arnold as false and slanderous"; that the Court have a jury trial; "that his case be remanded before a different Judge from a different County"; punitive damages in the amount of $300,000; and "immediate relief and prays that this Court will not consider this Petition as frivolous." (Id. at 5-6.)

3

Plaintiff also attaches a brief, arguing that Judge Beebe violated Michigan law and the Constitution when she ordered the PPO to be entered. (*See* id. at 16, 22-28.) According to plaintiff, Judge Beebe "violated both Michigan law and the First Amendment when [she] interpreted and applied Michigan's PPO law to restrict Petty's expressive activity" with his child. (Id. at 28.) Plaintiff asks this Court to reverse Judge Beebe's decision, direct the Michigan court to vacate the PPOs entered against him, "deny plaintiffs [*sic*] petitions . . . and dismiss those petitions with prejudice,"[1] and require the Michigan court "to ensure the record of these unlawful PPOs are removed from the LEIN system." (Id.)

Plaintiff names as defendants a Michigan state court judge, a friend of the court, ten unnamed individuals, and Ms. Arnold. Because plaintiff does not make any allegations as to the friend of the court or the ten unnamed individuals, those defendants are dismissed from the case.

Plaintiff also fails to state a claim against Ms. Arnold. The constitutional claim against Ms. Arnold is deficient because she is a

---

[1] The Court interprets this as plaintiff requesting that Ms. Arnold's petition for a PPO filed against plaintiff be "dismissed with prejudice."

private party and did not engage in state action. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 154-55 (1978). The state law claim is deficient because Ms. Arnold was without power to grant the PPO.

Plaintiff's claims against Judge Beebe must be dismissed because she cannot be sued for money damages or injunctive relief for her alleged actions. Judge Beebe's actions were judicial in character, and because she had jurisdiction over the subject matter, she is protected by absolute judicial immunity. *See Coleman v. Caruso*, 413 F. App'x 866, 872-73 (6th Cir. 2011) (noting that "Judges generally are absolutely immune from civil suits for money damages . . . . [and] injunctive relief" for judicial actions over which they have jurisdiction).

Accordingly, the Court GRANTS plaintiff's motion to proceed *in forma pauperis* (Dkt. 2), DISMISSES plaintiff's complaint (Dkt. 1) with prejudice for failing to state a claim against any of the named defendants, and DENIES plaintiff's request for service by the United States Marshals Service. (Dkt. 3.)

Further, the Court certifies that an appeal of this order would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

Dated: June 13, 2016　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2016.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager

6